UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DANIEL RAYFEL WILLIAMS,

    Petitioner,

  vs.

ARNOLD SCHWARZENEGGER, Governor; and JERRY BROWN, Attorney General of California,

    Respondents.

No. C 10-5005 PJH (PR)

**ORDER FOR PETITIONER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

    This is a habeas case brought pro se by a state prisoner. It is directed to his conviction in San Francisco Superior Court for stalking, second degree burglary, and making criminal threats. He says that presently he is on parole. He has paid the filing fee.

    An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

    Petitioner says that he appealed the conviction to the California Court of Appeal. That court affirmed. *People v. Williams*, 2010 WL 3412898 at *1 (Cal. Ct. App. Aug. 31, 2010) (unpublished). The form petition asks whether the petitioner has appealed to the Supreme Court of California or "[a]ny other court;" as to each he has written "N/A." He also

has written "N/A" in response to the question on the form whether he has sought relief "in any proceeding other than an appeal." That is, he says that he did not petition the California Supreme Court for review and has not filed any state habeas petitions.[1] The California appellate courts' website confirms this, showing only the case in the court of appeal. It thus appears that he has not exhausted.

Within thirty days of the date this order is entered, petitioner shall show cause why this petition should not be dismissed for failure to exhaust. If he does not, the case will be dismissed.[2]

**IT IS SO ORDERED.**

Dated: December 20, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\WILLIAMS,D5005.OSC-P.wpd

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is not appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

[2] Petitioner is cautioned that under the Antiterrorism and Effective Death Penalty Act, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the <u>latest</u> of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The time that a federal petition, such as this one, is pending is <u>not</u> excluded. *See Duncan v. Walker*, 533 U.S. 167, 180-81 (2001).