UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

DANIEL RAYFEL WILLIAMS,

    Petitioner,

vs.

ARNOLD SCHWARZENEGGER, Governor; and JERRY BROWN, Attorney General of California,

    Respondents.

No. C 10-5005 PJH (PR)

**ORDER OF DISMISSAL; DENIAL OF CERTIFICATE OF APPEALABILITY**

    This is a habeas case brought pro se by a state prisoner. In the initial review order the court noted that although petitioner's conviction was affirmed on direct review by the California Court of Appeal, he did not appear to have filed a petition for review in the California Supreme Court or any state habeas petitions. The California appellate courts' website confirmed this, showing only the case in the court of appeal. The court therefore ordered petitioner to show cause why the case should not be dismissed for failure to exhaust.

    In response to the order to show cause, petitioner refers to "inexcusable delay" as a way to avoid the exhaustion rule, citing *Coe v. Thurman*, 922 F.2d 528 (9th Cir. 1990). *Coe*, however, applies only when there has been inexcusable delay in the state appellate courts, *id.* at 530, and petitioner does not contend that he has any case pending in the state appellate courts at all, much less one that has been languishing for an unconscionable time. *Coe* is inapplicable.

    Petitioner also contends that exhaustion is excused because one of his claims involves asserted ineffective assistance of his appellate counsel. This does not, however,

explain why he has not brought his claims in state habeas petitions. If he was capable of bringing them pro se here, he was capable of bringing them pro se in state court.

Finally, petitioner lists five cases as supporting his contention that he is not required to exhaust, without explaining why the cases are applicable or providing specific page cites that would help the court understand his point. The court has looked at the cases cited, and they provide no basis for excusing exhaustion that are applicable here.

Petitioner has failed to show cause why the petition should not be dismissed for failure to exhaust. The petition is **DISMISSED** without prejudice.

Because reasonable jurists would not find the court's ruling on the exhaustion question debatable or wrong, a certificate of appealability ("COA") is **DENIED**. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *see also* 28 U.S.C. § 2253(c) (COA requirement); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard). If petitioner desires to appeal he should file a notice of appeal in this court and ask the court of appeals to issue a COA under Rule 22 of the Federal Rules of Appellate Procedure. *See* Rule 11(a), Rules Governing § 2254 Cases.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 23, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.10\WILLIAMS,D5005.DSM-EXH.wpd